**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEREMY MOUNT,

                Petitioner,               Case No. 25-cv-13895

v.                                    Hon. Brandy R. McMillion
                                   United States District Judge

ERIC RARDIN,

                Respondent.
_____/

### OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1) AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Jeremy Mount ("Mount" or "Petitioner"), an inmate incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner challenges his disciplinary conviction by the Bureau of Prisons ("BOP"). For the reasons that follow, the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**I.**

Mount pleaded guilty in the United States District Court for the District of Minnesota to receipt of child pornography and production and attempted production of child pornography under 18 U.S.C. §§ 2251 & 2252. Petitioner was sentenced to

1

262 months in prison, followed by 20 years of supervised release.  *United States v. Mount*, No. 16-cr-237, Dkt. 54, Judgment (D. Minn. Aug. 1, 2017).  While serving his term of incarceration, in April of 2025, Mount was caught inside the food service area at FCI-Milan possessing legal documents that belonged to at least six other inmates, in violation of BOP rules restricting such access to the prison's main law library.  ECF No. 1, PageID.11.  Disciplinary proceedings were initiated against Mount, during which he argued that he lacked fair notice of these rules.  *Id.* at PageID.1–9.  The Unit Discipline Committee ("UDC") found that he had committed the policy violation, found him guilty of possessing an unauthorized item, and imposed a 30-day loss of visitation privileges.  *See* ECF No. 9, PageID.65-66, 72-74.  This sanction has been completed; and Mount did not lose any good conduct time.

Mount has filed a petition for habeas corpus relief.  He argues that his due process rights were violated by lack of fair notice of the rules governing possession of legal documents outside of the law library and also alleges that his hearing officer was not impartial.  Mount claims to have exhausted administrative remedies prior to filing.  *See generally* ECF No. 1.

## II.

### A.   EXHAUSTION

Respondent argues that the petition should be dismissed because Mount failed to exhaust his administrative remedies with the BOP prior to filing his petition. ECF No. 9, PageID.58-61. The Bureau of Prisons maintains an Administrative Remedy Program which allows an inmate to seek formal review of any issue relating to the inmate's confinement. 28 C.F.R. § 542.10(a). "The Bureau's regulatory regime for prisoner grievances consists of four tiers: (1) seeking informal resolution with a staff member; (2) submitting a grievance to the Warden on a "BP–9" form; (3) appealing to the Regional Director on a "BP–10" form within 20 days of the date the Warden signed the response to the grievance; and (4) appealing to the General Counsel of the Central Office on a "BP–11" form within 30 days of the date the Regional Director signed the response to the appeal." *Risher v. Lappin*, 639 F.3d 236, 238–39 (6th Cir. 2011) (citing 28 C.F.R. §§ 542.13–15).

Mount's institution-level remedy request to the Warden (BP-9) was denied as untimely. ECF No. 9, PageID.67. The Regional Office disagreed, finding the original request timely. *Id.* The Regional Office instructed Mount to resubmit a request to the warden for consideration of the merits of his claims. *Id.* Mount, however, filed an administrative remedy with the Office of General Counsel, where

his appeal was rejected because Mount had not resubmitted his request to the warden as instructed. *Id.* at PageID.68.

Respondent argues that Mount's claims are unexhausted because he did not follow the Regional Office's instructions to re-file his grievance with the Warden. ECF No. 9, PageID.60. Petitioner, however, argues that exhaustion of remedies would be futile or should be excused because the warden was attempting to thwart Mount from obtaining relief on his claims within the BOP's grievance procedure by falsely concluding that Mount's BP-9 remedy request was untimely, when it was, in fact filed by Petitioner in a timely manner. ECF No. 10, PageID.85. Mount argues that there is nothing in the BOP Administrative Remedy procedure that should allow the warden a "second bite at the apple" after he falsely ruled that Petitioner's BP-9 request was untimely. *Id.*

The Sixth Circuit has indicated that "the habeas exhaustion requirement is not without exception," nor "statutorily required." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 235-236 (6th Cir. 2006). "If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either 'excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court.'" *Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (quoting *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *abrogated in part on other grounds by Reno v. Koray*,

515 U.S. 50 (1995)).  A federal court can bypass the exhaustion issue and go straight to a merits determination of a federal prisoner's claim if it is more efficient to do so. *See Herrera v. Rardin*, No. 25-1007, 2025 WL 3904402, at *2 (6th Cir. Aug. 8, 2025).  As will be discussed in greater detail below, Mount is not entitled to habeas relief on his claims.  The Court will therefore bypass the exhaustion issue and go straight to the merits.

## B.    PETITIONER IS NOT ENTITLED TO HABEAS RELIEF

Mount argues he is entitled to habeas relief from his disciplinary conviction because he was denied due process in the proceedings in that: (1) the BOP did not provide fair notice to the inmates that possession of another inmate's legal documents outside of the prison law library violates prison rules, and (2) the hearing officer was not impartial.  ECF No. 1, PageID.1-3.  Respondent argues that Mount's claims are non-cognizable in a habeas petition because he did not lose any good time or disciplinary credits as a result of his misconduct conviction, but suffered only the loss of visitation privileges for 30 days that did not affect the duration or length of Petitioner's sentence.  ECF No. 9, PageID.61-63.

As an initial matter, Mount failed to show that he has any right to due process in any prison disciplinary proceeding which results in sanctions less serious than the loss of good time credits or disciplinary segregation.  In *Wolff v. McDonnell,* 418 U.S. 539, 571-72, n. 19 (1974), the United States Supreme Court declined to suggest

that the minimum due process procedures that it had outlined for the loss of good time credits in *Wolff* would also be required for the imposition of "lesser penalties such as the loss of privileges." Therefore, "while the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline." *Levi v. Holt*, 192 F. App'x 158, 160 (3d Cir. 2006); *see also Lutz v. Hemingway*, 476 F. Supp. 2d 715, 719 (E.D. Mich. 2007) ("Because the only sanctions that the petitioner received here were the loss of privileges, it is doubtful that he was entitled to any due process procedures with respect to the U.D.C. hearing").

In any event, assuming that Mount had any due process rights at this disciplinary hearing, he is not entitled to maintain a habeas action because the sanctions imposed here, loss of visitation privileges, did not affect the fact or duration of his sentence. Where a prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, the inmate's sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d at 718. Claims which challenge the conditions of confinement should be brought as a civil rights

complaint.  *Id.*  A federal inmate cannot seek habeas relief to seek redress from the loss of non-custodial privileges "because the loss of such privileges has only a 'speculative or incidental effect' on the length of a prisoner's sentence and is not 'close to the core of habeas corpus.'"  *Id.* (internal citation omitted).

Mount's challenge against prison disciplinary sanction prohibiting him from visitation privileges for possessing the other's inmates' legal documents is not cognizable on habeas review because the punishment did not affect the length or execution of Petitioner's criminal sentence.  *See Castillo v. FBOP FCI Fort Dix*, 221 F. App'x 172, 175 (3d Cir. 2007); *see also Peterson v. Holland*, No. CV 6: 16-60-KKC, 2016 WL 3248293, at *2 (E.D. Ky. June 13, 2016), *aff'd*, No. 16-6121, 2017 WL 6853097 (6th Cir. July 7, 2017) (prisoner could not bring habeas action to challenge prison disciplinary conviction because the loss of visitation privileges did not affect the fact or duration of his sentence).

Mount also speculates that his disciplinary conviction remaining on his prison record could affect his institutional placement or housing within an institution.  ECF No. 1, PageID.9.  The Sixth Circuit has noted that the "speculative, collateral consequences of a prison disciplinary conviction [are] insufficient to create a liberty interest."  *Hughes v. Birkett*, 173 F. App'x 448, 451 (6th Cir. 2006).  Mount's speculation that this disciplinary conviction could affect his institutional placement is insufficient to grant Petitioner habeas relief.  *Johnson v. CCA-Ne. Ohio Corr. Ctr.*

*Warden*, 21 F. App'x 330, 332-33 (6th Cir. 2001) (State prisoner was not entitled to have allegedly false disciplinary report expunged from his prison file, given absence of allegation that report had been relied upon to constitutionally significant degree; although prisoner claimed that report was being used to keep him in maximum security prison and could be used one day to deny him parole, prisoner had no right to particular security level or placement in particular prison, and speculative, collateral consequences of report were insufficient to create liberty interest).

Mount lastly argues that his disciplinary conviction could negatively affect his chance of obtaining compassionate release from the sentencing judge pursuant to 18 U.S. Code § 3582, because a federal inmate's institutional record is one of the factors a judge needs to consider in determining whether to grant that inmate compassionate release. ECF No. 10, PageID.88-89. This claim has been rejected by a court in the Eastern District of California:

> While Petitioner is correct that a disciplinary record *may* be considered when determining whether compassionate release is appropriate, the existence of Petitioner's disciplinary record would not dispositively impact Petitioner's compassionate release motion and, in turn, his release date. Petitioner may still be eligible for compassionate release with his disciplinary record, as nothing in the statute requires that prisoners have a clear record to be eligible. Further, even if Petitioner's record were expunged, a clear disciplinary record is not decisive for compassionate release. As such, Petitioner's claim "does not fall within 'the core of habeas corpus,'" and is therefore not cognizable.

*Edwards v. Trate*, No. 2:24-CV-0887-DMC-P, 2025 WL 2228842, at *3 (E.D. Cal. Aug. 5, 2025), *report and recommendation adopted*, No. 2:24-CV-0887-DJC-DMC-

8

P, 2025 WL 2644136 (E.D. Cal. Sept. 15, 2025) (emphasis original) (internal citation omitted).   This Court agrees with this reasoning and concludes that Mount's argument that his disciplinary conviction could preclude him from obtaining compassionate release from the sentencing judge is too speculative to permit him to challenge his disciplinary conviction in this habeas petition.  This is particularly true in light of the fact that the sentencing judge already denied Mount compassionate release several years prior to Mount receiving this disciplinary conviction.  *United States v. Mount*, No. 16-CR-237 (SRN/BRT), 2020 WL 3998888 (D. Minn. July 15, 2020).

A § 2241 habeas petition is not the appropriate vehicle for a prisoner to challenge the conditions of his confinement.  *See Velasco v. Lamanna,* 16 F. App'x 311, 314 (6th Cir. 2001).  These types of claims may not be brought under 28 U.S.C. § 2241, because this statutory section is reserved for challenges to the execution of a sentence and may not be used to challenge the validity of a conviction or the conditions of confinement.  *Id.*  Instead, a plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971).  This Court will not, however, convert Petitioner's habeas petition into a civil action brought pursuant to *Bivens*.  Because of the vastly different procedural requirements for habeas petitions and

9

other civil actions brought by prisoners, a court confronted with a habeas petition that is not properly brought under 42 U.S.C. § 1983 or *Bivens* should dismiss the petition, rather than "converting" the petition to a civil action brought pursuant to § 1983 or *Bivens*. *See e.g. Martin v. Overton*, 391 F. 3d 710, 713 (6th Cir. 2004) (holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner); *Mescall v. Hemingway*, No. 20-12687, 2021 WL 607094, at * 2 (E.D. Mich. Jan. 7, 2021) (declining to convert federal inmate's § 2241 petition to *Bivens* action). The Court will therefore dismiss the petition without prejudice to Petitioner filing a civil rights action under *Bivens*.

### III.

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Mount need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court grants Petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## IV.

Accordingly, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.  Petitioner may initiate a civil rights action under *Bivens*, if he so desires.

**IT IS FURTHER ORDERED** that Petitioner is **GRANTED** leave to appeal *in forma pauperis*.

***This is a final order that closes the case***.

**IT IS SO ORDERED**.

Dated: July 20, 2026                              s/Brandy R. McMillion
     Detroit, Michigan                      HON. BRANDY R. MCMILLION
                                      United States District Judge